UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NAVIN N. PRASAD, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BAC HOME LOAN SERVICING, LP; BANK OF AMERICA, N.A.; and RECONTRUST COMPANY, N.A.,<br><br>　　　　　Defendants. | Case No.: 2:10-cv-01857-RLH-PAL<br><br>**O R D E R**<br><br>(Motion to Dismiss–#5; Motion to Remand to State Court–#16; Motion for Hearing–#21) |

   Before the Court is Defendants BAC Home Loan Servicing, LP, Bank of America, N.A., and Recontrust Company, N.A.'s **Motion to Dismiss** (#5, filed Oct. 22, 2010) for failure to state a valid claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court has also considered Plaintiff Navin N. Prasad's Opposition (#14, filed Nov. 23, 2010), and Defendants' Reply (#19, filed Dec. 3, 2010).

   Also before the Court is Plaintiff's **Motion to Remand to State Court** (#16, filed Nov. 23, 2010) for a lack of a removable action. The Court has also considered Defendants' Opposition (#20, filed Dec. 3, 2010), and Plaintiff's Reply (#19, filed Dec. 3, 2010).

   Finally, before the Court is Defendants' **Motion for Hearing** (#21, filed Jan. 31, 2011) regarding their Motion to Dismiss.

AO 72
(Rev. 8/82)

## BACKGROUND

This dispute arises from Plaintiff's efforts to prevent Defendants from foreclosing upon his property. In March 2006, Plaintiff purchased the property located at 2104 Reynolds Circle, North Las Vegas, Nevada 89030. (Dkt. #6, Req. for Jud. Notice Ex. D, Deed of Trust.)[1] In August 2009, a Notice of Default and Election to Sell ("Notice of Default") was recorded against the property. Days later, a violent police altercation caused significant damage to the property. Plaintiff claims that he did not receive the Notice of Default or a form advising him of his right to participate in the Nevada Foreclosure Mediation Program. Nevertheless, Defendants received a Mediation Certificate and, on September 13, 2010, filed a Notice of Trustee's Sale on Plaintiff's property.

On September 27, 2010, Plaintiff filed a "Petition for Judicial Review" in the Eighth Judicial District Court of the State of Nevada ("State Court"). (Dkt. #1, Pet. for Removal, Ex. A.) Defendants subsequently removed the action to this Court on the basis of diversity jurisdiction and filed a Motion to Dismiss. Plaintiff counters with a Motion to Remand to the State Court. For the reasons stated below, the Court denies Plaintiff's Motion to Remand and grants Defendants' Motion to Dismiss.

## DISCUSSION

Because Plaintiff's removal challenge is a threshold jurisdictional issue, the Court will address Plaintiff's Motion to Remand before Defendants' motions.

**I.    Plaintiff's Motion to Remand to State Court (#16)**

   **A.    Legal Standard**

A motion to remand is the proper procedure for challenging removal. *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007). If a defendant has improperly removed a

---

[1] The Court takes judicial notice of Plaintiffs' deed of trust filed with the Clark County Recorders Office. *See City of Sausalito v. O'Neill*, 386 F.3d 1186, 1224 (9th Cir. 2004) (A district court may take judicial notice of a public record or report of a state agency or administrative body that is not subject to reasonable dispute).

case over which the district court lacks subject matter jurisdiction, the district court shall remand the case to the state court. 28 U.S.C. § 1447(c).  However, a district court lacks discretion to remand a case to the state court if the case was properly removed.  *Carpenters S. Cal. Admin. Corp. v. Majestic Hous.*, 743 F.2d 1341, 1343 (9th Cir. 1984); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 356 (1988).  Nevertheless, a district court must construe the removal statutes strictly against removal and resolve any uncertainty in favor of remanding the case to the state court.  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

**B.    Analysis**

Plaintiff asks the Court to remand this case because his Petition for Judicial Review was not a removable "civil action" under 28 U.S.C. § 1332, which states that a "district court shall have original jurisdiction of all *civil actions* where the matter in controversy" exceeds $75,000 and is between citizens of different states.  *Id.* (emphasis added).  Essentially, he argues that Nevada's Foreclosure Mediation Rules give the State Court exclusive jurisdiction to adjudicate his Petition for Judicial Review.  Defendants assert that Plaintiff's initial pleading was improperly labeled as a petition for judicial review and should be considered a removable civil action because the judicial review process is only available where a mediation has actually occurred.  To resolve this dispute, the Court must briefly examine the foreclosure mediation process.

**i.    The Nevada Foreclosure Mediation Program**

Recent changes to Nevada law have given grantor-borrowers (*i.e.* home owners) the option to enter the Nevada Foreclosure Mediation Program to try and avoid losing their property. NRS § 107.086.  Once a trustee records a notice of default, a trustee must then send the home owner a form which allows him to elect mediation.  NRS § 107.086(2)(a); Nev. R. Foreclosure Mediation 5(5) (as approved and amended by the Nevada Supreme Court through July 21, 2010). The home owner then has up to 30 days after service of the notice of default to return the form to

3

1   the trustee indicating his selection.  NRS § 107.086(3).  If the home owner fails to timely return
2   the form, the trustee may receive a certificate allowing it to record a notice of trustee's sale and
3   proceed with the non-judicial foreclosure proceeding pursuant to NRS § 107.080.  *See* NRS §
4   107.086(3); Nev. R. Foreclosure Mediation 1(3), 5(7).
5              If a home owner elects to enter the Foreclosure Mediation Program, both parties
6   must appear before a mediator to negotiate in good faith and attempt to modify the loan secured by
7   the deed of trust sought to be foreclosed.  Nev. R. Foreclosure Mediation 5(8).  Upon completion
8   of the mediation, the mediator must prepare a statement with a recommendation.  *Id.* at 5(9).  If the
9   lender fails to negotiate in good faith, *inter alia*, the mediator may recommend sanctions.  NRS §
10  107.086(5).  If the mediator determines that the parties acted in good faith but were not able to
11  agree to a loan modification, the mediator will recommend that the matter be terminated.  *Id.* at
12  (7).  A trustee may then receive a certificate allowing the foreclosure sale to proceed.
13             A home owner may also seek limited judicial review of the mediator's statement
14  and recommendation in narrow circumstances.  "A party to the mediation may file a petition for
15  judicial review with the district court . . . for the limited purpose of determining bad faith,
16  enforcing agreements made between the parties within the Program, including temporary
17  modification agreements, and determining appropriate sanctions . . . ."  Nev. R. Foreclosure
18  Mediation 6(1).  However, the party filing such a petition must do so within 15 days of the date of
19  actual receipt of the mediator's statement.  *Id.* at 6(2).
20              **ii.     Plaintiff's Petition for Judicial Review**
21             After reviewing the above statutes and rules, the Court finds that Plaintiff's initial
22  pleading was not a proper petition for judicial review.  Plaintiff did not submit the requisite form
23  to select mediation.  Thus, the parties never mediated and there was no mediator's statement and
24  recommendation for a court to review.  The rules clearly indicate that participation in the
25  mediation program is a prerequisite to filing a petition for judicial review.  Therefore, Plaintiff's
26  Petition for Judicial Review is not one that would fall within the exclusive jurisdiction of the State

AO 72
(Rev. 8/82)

Court. Plaintiff's claims for judicial review equate to typical claims within a complaint or a "civil action" under 28 U.S.C. § 1332. The Court therefore concludes that Plaintiff's petition for judicial review is properly considered a complaint that was removable on the basis of diversity jurisdiction. Accordingly, the Court denies Plaintiff's Motion to Remand. The Court notes, however, that the result may be different where a plaintiff actually participates in the mediation program.

## II.   Defendants' Motions to Dismiss (#5) and for Hearing (#21)

### A.   Legal Standard

A district court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

///

AO 72
(Rev. 8/82)

### B. Analysis

Plaintiff alleges that he was unable to participate in mediation and loan modification process because of the highly unusual circumstances surrounding the police altercation on his property. Specifically, Plaintiff claims that he did not receive the Notice of Default and because of this failure, Defendants are denying his opportunity to mediate. Plaintiffs argument is unconvincing. Nevada law does not require Defendants to provide Plaintiff with personal service of the Notice of Default. To the contrary, NRS § 107.080(3) allows a trustee to mail such notice. Plaintiff has not alleged that Defendants failed to mail him the Notice of Default; therefore, this assertion fails. Similarly, Defendants did not thwart Plaintiff's opportunity to mediate. Although the rules mandate participation in most situations, they also require Plaintiff to *timely* request mediation. Nev. R. Foreclosure Mediation 1(3). In fact, the rules stress in more than one instance that home owners timely elect mediation. *See id.* at 5(4), 5(7) (allowing trustees to notice a foreclosure sale when a homeowner fails to timely deliver an Election of Mediation or to attend and participate at a scheduled mediation). Thus, Plaintiff fails to state a valid claim. Accordingly, the Court grants Defendants' Motion to Dismiss. Because the Court has granted this motion, Defendants' Motion for Hearing is now moot and the Court denies it as such.

### CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (#16) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (#5) is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion for hearing (#21) is DENIED as moot. The Clerk of the Court is directed to close this case.

Dated: March 31, 2011.

_____
ROGER L. HUNT
Chief United States District Judge